## THE KING *vs.* MAHELONA.

### APPEAL FROM POLICE JUSTICE, HONOLULU.

### OCTOBER TERM, 1888.

JUDD, C.J., McCULLY, PRESTON, BICKERTON and DOLE, JJ.

The defendant was convicted in the Police Court, Honolulu, of the larceny of certain goods alleged to be the property of "T. H. Davies & Co."

The defendant appealed on the ground that it had been alleged that the defendant stole the goods and property of T. H. Davies & Co., but there was no proof of the existence of T. H. Davies & Co.

Held, that there was such evidence.

Held, also, that it was not open to the defendant to object that the names of the persons composing such firm should have been specified, as such objection should have been made previous to plea.

Appeal dismissed.

OPINION OF THE COURT, BY PRESTON, J.

The defendant was convicted in the Police Court, Honolulu, of the larceny of one case of condensed milk and one case of Java coffee from T. H. Davies & Co., and was sentenced to six months' imprisonment, and to pay a fine of $10 and costs.

An appeal was taken to this Court on the following point of law as certified by the Police Justice: "At the close of the case for the prosecution, defendant's counsel moved the Court to discharge the defendant on the ground that ownership had not been proven, in that it had been alleged that the defendant stole the goods and property of T. H. Davies & Co., but there was no proof of the existence of T. H. Davies & Co., which motion to discharge the Court denied."

The evidence as certified up shows that one witness, Kaoaka, testified "those cases belong to Davies & Co.;" that another witness, McCubbin, testified that he was "shipping clerk at T.

H. Davies & Co.'s; we have coffee and condensed milk; the milk has our mark upon it;" another witness, Bila Kaheuna, testified, "I work at T. H. Davies & Co.'s."

Counsel for the defendant, on the hearing of the appeal, contended that the charge should have specified the names of the persons composing the firm of T. H. Davies & Co , or that, at all events, evidence should have been given of the names of such persons, and cited many authorities showing that in indictments such allegations were necessary, and that copartnerships should not be designated by the firm name.

While agreeing with this contention, we do not consider it open to the defendant in the present case.

The law provides that in indictable offenses "every objection to any indictment for any defect apparent on the face thereof shall be taken by demurrer, or motion to quash such indictment, before the accused has pleaded, and not afterwards;" and we are of opinion that similar objections should be made to any defect in charges in the inferior Courts before plea.

The sole point, however, for our consideration is : " Was there any proof of the existence of T. H. Davies & Co. ?" We think there was, and therefore dismiss the appeal, with costs.

*A. P. Peterson* (Deputy Attorney-General), for the Crown.

*A. Rosa*, for defendant.